UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
LYDIA SCHECK AND DIETER SCHECK,   :
:
                    Plaintiffs,   :     10 Civ. 5167 (TPG)
:
     - against -                 :           **OPINION**
:
:
THE REPUBLIC OF ARGENTINA,   :
:
                    Defendant.   :
:
:
:
------------------------------------------------x

        Plaintiffs are two German citizens who claim to have obtained six money judgments each against the Republic of Argentina (the "Republic") in a German court, based on their ownership of defaulted Republic-issued German bonds. In this action, plaintiffs seek to enforce their German judgments. Plaintiffs filed a motion for summary judgment in September 2010, but the court placed it in abeyance pending completion of service of process pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, 20 U.S.T. 361, at *1.

        Plaintiffs now renew their motion for summary judgment. They also argue that a default judgment against the Republic should be entered.

        The purpose of this opinion is to explain that service of process has been accomplished. Briefing on plaintiffs' motion for summary judgment

should now be completed, so that this motion can be decided. The court declines to enter a default judgment.

## Background

On July 6, 2010 plaintiffs commenced the present action seeking recognition and enforcement of the German judgments. Plaintiffs allege that their German judgments against the Republic are "final, conclusive and enforceable where rendered," making them enforceable in this jurisdiction pursuant to the Uniform Foreign Country Money Judgments Recognition Act, N.Y. C.P.L.R. § 5302.

The terms and conditions for the German bond series at issue designate an authorized agent for service of process in Germany for suits brought in Germany. The documents do not provide an authorized agent for service of process in the United States, or for suits brought in the United States.

Nevertheless, on July 15, plaintiffs attempted to deliver the summons and complaint to the Vice President of Banco de la Nación Argentina in New York ("BNA"), the authorized agent for service of process for claims brought on U.S. bonds. Then, on August 17, 2010, plaintiffs, by means of Process Service Network LLC, sent a copy of the summons and complaint, and other required forms, to the central authority designated by the Republic for service of process pursuant to Article 2 of the Hague Service Convention—the Argentine Ministry of Foreign Affairs (the "Ministry").

On September 13, 2010, the Republic moved to dismiss the complaint for lack of personal jurisdiction and insufficient service of process. On September 27, 2010, plaintiffs moved for summary judgment.

On October 7, 2010, the parties' entered into a stipulation, which was so ordered by the court, as follows: (1) the motion to dismiss is denied as moot; (2) the complaint and motion for summary judgment are held in abeyance pending the completion of service as required by the Hague Service Convention; and (3) the Republic shall answer, move to dismiss, or otherwise respond to the complaint and motion for summary judgment on or before 60 days after the completion of service of the complaint on the Republic.

On February 7, 2011, plaintiffs' process server contacted the Republic's Consul General in Los Angeles and was told four days later that there were problems. On February 11, 2011, plaintiffs' process server sent an agent to the Ministry to inquire about the status of process. The Ministry told the agent that the service was "in process." Plaintiffs have not yet received a certificate of service or delivery.

## Discussion

Service of Process

Pursuant to Fed. R. Civ. P. 4(j)(1), the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1608(a), sets out the requirements for service of process on a foreign state:

3

> a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> > (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
> >
> > (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents . . .

As the governing documents do not provide for an authorized agent for service of process for a suit on the German bonds in the United States, the second paragraph applies. The applicable international convention here is the Hague Service Convention (the "Convention"), which the United States, Germany, and Argentina have all ratified.

Proper service of process pursuant to the Convention requires several steps. Plaintiffs must first transmit the service request and accompanying documents to a foreign state's designated central authority. Convention, Articles 2 and 3. The Republic's designated central authority is the Argentine Ministry of Foreign Affairs (the "Ministry"). The request must comply with the form annexed to the Convention, also referred to in the Convention as the "model," hereafter referred to by the court as the "request form." Id. at Art. 3. Article 3 addresses the form that the request for service of process must take:

> The authority or judicial officer competent under the law of the State in which the documents

4

>originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.
>
>The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

The request form requires the applicant to state its name and address, the address of the receiving authority, and the address of the person or entity to be served. The request form also requires the applicant to select the method of service for the designated central authority to use in serving that person or entity, pursuant to Article 5 of the Convention. There are three options:

>(a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory;
>
>(b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed; or
>
>(c) by delivery to the addressee, if the addressee accepts it voluntarily.

The request form must list the documents to be served, and requires that the form bear a signature and/or stamp.

If the central authority determines that the request does not comply with the provisions of the Convention, it must promptly inform the applicant of its objections to the request. Id. at Art. 4. If there are no issues of compliance, the designated central authority must then serve,

5

or arrange to have an authorized party serve, the documents on the defendant. Id. at Art. 5.  In order for service of process to be considered complete, the plaintiff must receive a certificate of service from the designated central authority pursuant to Section 1608(c)(2) of the FSIA and Article 6 of the Convention.

Article 15 of the Convention allows a court to obtain jurisdiction over a foreign defendant for purposes of giving judgment when a plaintiff has not received a certificate of service or delivery if:

> (a) The document was transmitted by one of the methods provided for in this Convention,
>
> (b) A period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
>
> (c) No certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

See In re South African Apartheid Litigation, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009).

Plaintiffs completed the first step by delivering the service request form and required accompanying documents for service of process to the Ministry on August 17, 2010.  Such documents included a copy of the summons issued by this court on July 6, 2010, and the complaint in English and a copy in Spanish translation.  On the request form, plaintiffs selected two possible methods for the Ministry to use to serve

the Republic, options (a) and (c), as discussed above.  Plaintiffs also apparently signed the form.

The Republic argues that service of process remains incomplete because the required service forms plaintiffs submitted to the Ministry are defective.  The Republic refers the court to a letter from the Ministry to counsel for plaintiffs sent January 11, 2011.  The Ministry wrote that the service papers were defective for two reasons.  First, plaintiffs selected two methods for service on the Republic on the request form, instead of just one.  The Ministry claims that, under Argentine legislation, the request is defective because "the court that would intervene must address the notice of service with reference to one of such procedures (one or the other), because the items a) and c) provide for methods of service of process that are different, and are therefore exclusive of each other."  Second, the signature on the form was not an original.  The Ministry claims that this is a "formal issue" that prevents the Ministry from moving forward.

The court rules that the objection to plaintiffs' selection of two service methods is invalid and frivolous.  The Ministry could have served the documents by either method.

The court also rules that the objection to the copy of the signature on the form is invalid.  There is no requirement that the form bear an original signature.  Indeed, the Convention states that a stamp would be proper.

Although plaintiffs have not yet received a certificate of service, the court is entitled to assert jurisdiction over the Republic because plaintiffs have satisfied the Article 15 requirements. Plaintiffs properly transmitted the documents to the Ministry more than nine months ago, and no certificate of any kind has been received even though plaintiffs made every reasonable effort to obtain it by contacting the Ministry in Argentina.

The court concludes that there was proper service of process.

Further Proceedings

Pursuant to the stipulation of October 7, 2010, the Republic will answer, move to dismiss, or otherwise respond to the complaint and motion for summary judgment. The stipulation gave the Republic 60 days after completion of service. This is now amended so that 60 days runs from the time of the present opinion.

The record shows no basis for entry of a default judgment against the Republic.

This opinion resolves document number 19 listed on the docket.

SO ORDERED

Dated: New York, New York
       May 23, 2011

Thomas P. Griesa
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/23/11