UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                             :
LYDIA SCHECK AND DIETER SCHECK,   :
                             :
             Plaintiffs,   :     10 Civ. 5167 (TPG)
                             :
        - against -        :     **<u>OPINION</u>**
                             :
THE REPUBLIC OF ARGENTINA,     :
                             :
            Defendant.    :
                             :
                             :
------------------------------------------x

      Plaintiffs Dieter Scheck and Lydia Scheck are two German citizens—a husband and wife—who have obtained six money judgments each against the Republic of Argentina in a German court, based on their ownership of defaulted Republic-issued German bonds.  In this action, plaintiffs seek recognition and enforcement of these German judgments pursuant to Article 53 of the New York Civil Practice Law and Rules.

      Plaintiffs move for summary judgment.  The Republic's only objection is that plaintiffs submit no proof as to awards of costs related to their German judgments.

      The motion is granted.

## <u>Facts</u>

      Plaintiffs state that they have held bearer bonds since the 1990s issued by the Republic and governed by five offering circulars.  Plaintiffs

have obtained judgments in German courts based on their ownership of these German bonds.

The Republic waived its immunity from suit on these German bonds in the offering circulars. The relevant language is essentially the same in the varying offering circulars:

> The Republic hereby irrevocably submits to the non-exclusive jurisdiction of any German court sitting in Frankfurt am Main and any Federal court sitting in the City of Buenos Aires as well as any appellate court of any thereof, in any suit, action or proceeding against it arising out of or relating to these Bonds. The Republic hereby irrevocably waives—to the fullest extent it may effectively do so—the defense of an inconvenient forum to the maintenance of such suit or action or such proceeding and any present or future objection to such suit, action or proceeding whether on the grounds of venue, residence or domicile. The Republic agrees that a final judgment in any such suit, action or proceeding in the courts mentioned above shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or any other method provided by law.

> To the extent that the Republic has or hereafter may acquire any immunity (sovereign or otherwise) from jurisdiction of any court or from any legal process (whether through service or notice, attachment prior to judgment, attachment in aid of execution, execution or otherwise), with respect to itself or its revenues, assets or properties, the Republic hereby irrevocably waives such immunity in respect of its obligations under the Bonds to the extent it is permitted to do so under applicable law.

See Offering Circulars for German Bonds issued at 7% interest due 2004, § 13; 8.5% interest due 2005, § 12; 9% interest due 2003, § 11; 10.25% interest due 2003, § 11; 10.5% interest due 2002, § 11.

Pursuant to the offering circulars, failure to make any payments of principal or interest for 30 days after the applicable payment date constitutes an event of default.  A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well.  The offering circulars also state that if either of these events occurs, "the holder of any Bond may . . . declare such Bond to be immediately due and payable together with accrued interest thereon."

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The court refers to its previous opinions for a description of the circumstances of these defaults.  Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804, 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003); Applestein v. Province of Buenos Aires, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003).  Plaintiffs notified the Republic of an event of default, demanding payment on their bonds, as described in the German court judgments.

German Court Proceedings[1]

---

[1] The court relies on the September 27, 2010 declaration of Ronald Frohne, a managing partner of a German law firm, to describe the German judgments, as well as the procedures for entering them.  Plaintiffs also submitted affidavits and copies of the

Plaintiffs brought nine civil proceedings in Germany which resulted in twelve judgments. The relevant German court proceedings began in 2003 and concluded in 2010.

The German judgments were rendered in a special form of civil law proceeding based on documentary evidence only. In this type of a proceeding, if the plaintiff is able to prove the facts its claim is based on by means of documentary evidence, an enforceable judgment will be issued in its favor. However, if the plaintiff succeeds, but the defendant objects to the claim that is brought against it, the court must render the judgment in the form of a conditional judgment. A conditional judgment may be challenged by the defendant in an appeal to the Higher Regional Court and in a subsequent proceeding in the District Court in which the defendant may present all evidence available to it. If the plaintiff is successful in this subsequent proceeding, a subsequent judgment is rendered, which declares the conditional judgment unconditional and transforms it into a regular final judgment. If the defendant is successful, the conditional judgment is reversed. A final judgment rendered by a subsequent proceeding can be appealed in the Federal Supreme Court. A conditional judgment becomes final, conclusive, and fully enforceable once it has been declared unconditional by the subsequent judgment and all appeals against the subsequent judgment have been exhausted. A "certificate of legal force" issued by the German

German judgments, which more fully set forth the timeline of the nine German proceedings.

4

district court clerk confirms that the respective judgment is final, conclusive and enforceable.

In the relevant German proceedings, plaintiffs successfully obtained conditional judgments in all actions ordering the Republic to pay a certain amount of money to plaintiffs in all cases filed, as stated in the tables below.  The Republic appealed each conditional judgment but the appellate court rejected the appeals, with some slight modifications to the judgments.  Thus, the conditional judgments became final, unconditional judgments.  The Republic further appealed the judgment in one of these actions in the Federal Supreme Court, but after that court denied that appeal on September 25, 2007, the Republic did not challenge the other judgments.  The period for challenging the other proceedings expired a month after the appellate court's judgments were entered and no further appeals are possible.  Plaintiffs applied for "certificates of legal force" for the conditional as well as the subsequent judgments, which the German district court clerk granted by orders dated July 30, 2010, August 11, 2010, August 12, 2010, and August 13, 2010.  On this basis, plaintiffs assert that the judgments are final, conclusive and enforceable under German law.

Table 1 and Table 2 below detail the judgments awarded by the German courts to plaintiff Lydia Scheck and plaintiff Dieter Scheck, respectively.  Plaintiffs obtained six judgments each.  In three cases, plaintiffs appeared together but obtained separate judgments.  In six

cases, plaintiffs appeared separately and obtained three judgments each, or a total of six judgments in the separate cases.  Plaintiffs were awarded the amount of annual interest of the bearer bonds that remains unpaid. The amount of interest outstanding is indicated in the tables by the applicable interest rate and the date upon which it came due but remained unpaid.

Plaintiffs were also awarded costs incurred by each German proceeding.  The table shows multiple cost awards for each case because each German court—whether the District Court, Higher Regional Court or the Federal Supreme Court—awarded costs with its decision.  There is also an annual interest rate on the costs awarded of 5% above base rate, which is defined by section 247 of the German Civil Code.[2]  The interest runs from the date stated in the determination of costs by the German District Court.  In the cases where plaintiffs appeared together, both plaintiffs, represented by the same counsel, jointly and severally obtained the cost awards associated with these actions.  In all other cases, costs were awarded individually.

By way of example, in case 2-21 O 389/05 plaintiff Lydia Scheck obtained a monetary award of €511,291.88 and plaintiff Dieter Scheck obtained a monetary award of €2,556,459.40 in a conditional judgment issued by the German District Court on March 12, 2007.  Plaintiffs were

---

[2] Section 247 of the German Civil Code states that the basic rate changes on January 1 and July 1 each year by the percentage points by which the reference rate has risen or fallen since the last change in the basic rate of interest.  The reference rate is the rate of interest for the most recent main refinancing operation of the European Central Bank before the first calendar day of the relevant six-month period.

each awarded 7% annual interest on those amounts since March 18, 2001.  The Republic appealed these conditional judgments, and on November 7, 2007 the Higher Regional Court rejected the Republic's appeal.  In a subsequent proceeding on June 5, 2009, the German District Court declared the conditional judgment of March 12, 2007 unconditional.  On November 12, 2009, the Higher Regional Court rejected the Republic's appeal against the final, conditional judgment. Each court held that the Republic must bear the costs of the litigation. Thus, the German District Court awarded costs to plaintiffs jointly and severally in the amounts of €58,831.19 for the March 12, 2007 judgment, with annual interest of 5% above base rate dating from April 16, 2007, and €36,097.65 for the June 5, 2009 and November 12, 2009 decisions, with annual interest of 5% above base rate dating from November 17, 2009.

<u>Table 1</u>: Plaintiff Lydia Scheck

| Case No. | Monetary Award | Interest per annum | Costs awarded | Interest per annum – 5% above base rate, pursuant to § 247 of the German Civil Code – as of the following dates for each costs awarded | Costs granted to |
|---|---|---|---|---|---|
| 2-21 O 294/02 | €766,937.82 | 8.5% thereon since 02/23/02 | €34,738.73<br>€21,339.99<br>€8,878.07 | 3/2/06<br>3/3/07<br>1/11/10 | Both plaintiffs |
| 2-21 O 387/05 | €832,127.53 | 8.5% on €766,937.82 since 02/23/01 | €41,602.25<br>€24,602.25 | 4/16/07<br>1/11/10 | Both plaintiffs |
| 2-21 O 389/05 | €511,291.88 | 7% thereon since 03/18/01 | €58,831.19<br>€36,097.65 | 4/16/07<br>11/17/09 | Both plaintiffs |
| 2-21 O 388/05 and 8U 147/07 | €1,585,004.83 | 10.25% thereon since 02/06/01 | €32,896.46<br>€21,128.47 | 5/18/07<br>11/12/09 | Lydia Scheck |
| 2-21 O 385/05 and 8U 147/07 | €1,022,583.76 | 9% thereon since 09/19/01 | €24,290.72<br>€15,630.67 | 5/18/07<br>11/12/09 | Lydia Scheck |
| 2-21 O 321/06 | €3,256,929.28 | 8.5% thereon since 02/23/01 | €59,598.49<br>€16,375.07<br>€21,721.78 | 8/3/07<br>11/12/10<br>11/12/09 | Lydia Scheck |

<u>Table 2</u>: Dieter Scheck

| Case No. | Monetary Award | Interest per annum | Costs awarded | Interest per annum – 5% above base rate, pursuant to § 247 of the German Civil Code – as of the following dates for each costs awarded | Costs granted to: |
|---|---|---|---|---|---|
| 2-21 O 294/02 | €766,937.82 | 8.5% thereon since 02/23/02 | €34,738.73 €21,339.99 €8,878.07 | 3/2/06 3/3/07 1/11/10 | Both plaintiffs |
| 2-21 O 387/05 | €1,215,596.44 | 8.5% on €1,150,406.73 since 02/23/01 | €41,602.25 €24,602.25 | 4/16/07 1/11/10 | Both plaintiffs |
| 2-21 O 389/05 | €2,556,459.40 | 7% thereon since 03/18/01 | €58,831.79 €36,097.65 | 4/16/07 11/17/09 | Both plaintiffs |
| 2-21 O 386/05 | €1,227,100.51 | 10.5% thereon since 11/14/01 | €23,642.22 €10,012.18 €7,592.87 | 7/13/09 11/12/09 11/12/09 | Dieter Scheck |
| 2-21 O 320/06 and 8U 7/08 | €1,538,988.56 | 8.5% thereon since 02/23/01 | €32,102.87 €20,635.33 | 12/14/07 11/12/09 | Dieter Scheck |
| 2-21 O 322/06 and 8U 9/08 | €1,329,358.89 | 10.5% thereon since 11/14/01 | €28,321.99 €18,629.47 | 12/17/07 11/12/09 | Dieter Scheck |

<u>United States District Court Proceedings</u>

On July 6, 2010 plaintiffs commenced the present action in the Southern District of New York seeking recognition and enforcement of the twelve German judgments.  Plaintiffs allege that their German judgments against the Republic are "final, conclusive and enforceable where rendered," making them enforceable in this jurisdiction pursuant to the Uniform Foreign Country Money Judgments Recognition Act, N.Y. C.P.L.R. § 5302.

On August 17, 2010, plaintiffs, by means of Process Service Network LLC, sent a copy of the summons and complaint, and other required forms, to the central authority designated by the Republic for service of process pursuant to Article 2 of the Hague Service Convention—the Argentine Ministry of Foreign Affairs.

On September 13, 2010, the Republic moved to dismiss the complaint for lack of personal jurisdiction and insufficient service of process.  On September 27, 2010, plaintiffs moved for summary judgment.

On October 7, 2010, the parties' entered into a stipulation, which was so ordered by the court, as follows: (1) the motion to dismiss is denied as moot; (2) the complaint and motion for summary judgment are held in abeyance pending the completion of service as required by the Hague Service Convention; and (3) the Republic shall answer, move to dismiss, or otherwise respond to the complaint and motion for summary

judgment on or before 60 days after the completion of service of the complaint on the Republic.

On February 24, 2011, plaintiffs renewed their motion for summary judgment, and argued that a default judgment against the Republic should be entered.

On May 23, 2011, the court denied any entry of default judgment against the Republic but concluded that there was proper service of process.  Pursuant to the stipulation of October 7, 2010, the court directed the Republic to answer, move to dismiss, or otherwise respond to the complaint and motion for summary judgment within 60 days from the time of the court's opinion.

Accordingly, the Republic answered the complaint and plaintiffs' motion for summary judgment on July 22, 2011.

## **The Motion**

Although the Republic raised numerous issues in the German proceedings and initially in the United States District Court action, these have all been resolved in plaintiffs' favor and only a very finite issue is raised by the Republic in response to plaintiffs' current motion for summary judgment.  That issue requires only a brief discussion.

The Republic argues that plaintiffs did not submit proof as to awards of costs related to their German judgments.  However, plaintiffs have supplemented their briefing with copies of the awards of costs. Thus, plaintiffs have conclusively proven their awards of costs.

**Conclusion**

Plaintiffs' motion for summary judgment is granted.  Plaintiffs are to submit a proposed judgment to the court.

This opinion resolves document number 10 listed on the docket.

SO ORDERED

Dated: New York, New York
       September 1, 2011

Thomas P. Griesa
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/1/11

12